UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2010 SEP -3  P 3: 30
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
              DEPUTY

|  |  |
|---|---|
| ARVIND KUMAR, M.D., | ) |
| PLAINTIFF, | ) CIVIL ACTION NO. |
|  | ) PLAINTIFF DEMANDS TRIAL BY JURY |
| V. | ) |
| ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS, | ) SA10CA0738 FB |
| DEFENDANT. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### PARTIES

1.1   Plaintiff ARVIND KUMAR, M.D. is a medical doctor employed by the Veterans Administration at its facility, the Frank M. Tejeda VA Outpatient Clinic, located in San Antonio, Texas.

1.2   Defendant ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS, is the Secretary of Veterans Affairs for the United States Department of Veterans Affairs. As Dr. Kumar's ultimate employer, he is responsible for administering the agency and preventing discrimination within its ranks. He is being sued in his official capacity.

### JURISDICTION AND VENUE

2.1   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as plaintiff alleges that defendant violated a federal statute, the Rehabilitation Act (29 U.S.C. §§ 701, et seq.).

2.2    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as plaintiff alleges that defendant violated a federal statute, the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.).

2.3    This Court has personal jurisdiction over the defendant, and venue is proper in this district pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this Judicial District of Texas.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.1    Arvind Kumar, M.D. filed a formal complaint with defendant's EEO office regarding the issues set forth herein. The complaint was investigated and accepted for further processing. A hearing was held regarding the matters set forth herein. On or about June 12, 2010, Dr. Kumar received a Final Agency Decision. Although Dr. Kumar initially filed an appeal of the Final Agency Decision to the EEOC's Office of Federal Operations, he subsequently withdrew that appeal and has elected to file this complaint in federal court within ninety (90) days of the date he received the Final Agency Decision.

3.2    Dr. Kumar has therefore complied in law and equity with all administrative prerequisites to the filing of this lawsuit.

## STATEMENT OF FACTS

4.1    Arvind Kumar, M.D. is a medical doctor previously employed in the Primary Care section at a Veterans Administration facility located in Columbus, Ohio. During his time at that facility, Dr. Kumar began experiencing pain and weakness in his right forearm and hand. He was originally diagnosed with carpal tunnel in his right wrist, and subsequently, the additional diagnosis of an ulnar nerve injury to his right upper extremity. Dr. Kumar's injury to his right arm and hand made it extremely difficult for plaintiff to perform his responsibilities as a primary care physician -

particularly due to the heavy emphasis on typing required in that particular medical field. In an effort to limit the amount of typing that would be required of him, and hoping to lessen the toll of typing on his injury, Dr. Kumar applied for available positions in Compensation and Pension (C&P) that had been announced at Veterans Administration facilities in both San Antonio, Texas and Las Vegas, Nevada. Dr. Kumar was selected for both positions. During the interview process for the San Antonio position, Dr. Kumar came to learn that the position to be filled was advertised as a "primary care" position, but that the majority of his time (if he was selected for the position and accepted that selection) would be in C&P due to the heavy caseload in that particular area. Based upon that understanding, Dr. Kumar selected the San Antonio position.

    4.2    Upon his arrival at the Frank Tejeda VA Outpatient Clinic in San Antonio, Texas, on or about April 4, 2006, Dr. Kumar was assigned to the C&P section, with his office located in that section, as well as his computer templates and training videos all orientated towards C&P. After a few weeks, Dr. Kumar was reassigned to the Primary Care section at the clinic. This change in positions caused Dr. Kumar great concern since it was contrary to the representations which had been made regarding his position in San Antonio and because it would mean that he would be subjected to far more typing - thus potentially exacerbating his right arm injury. Dr. Kumar informed his supervisors of his concerns that he would be unable to perform the heavy typing responsibilities which would be required in Primary Care due to his injury and requested that he be returned back to the C&P position. This meeting took place May 3, 2006 between Dr. Kumar and Dr. Hannigan.

    4.3    Instead of considering Dr. Kumar's revelations regarding his carpal tunnel / ulnar nerve injury as a request for a reasonable accommodation, his supervisor became extremely angry, accused Dr. Kumar of being dishonest and deceitful and threatened to fire Dr. Kumar. This began a string of events that subjected Dr. Kumar to a hostile work environment for the next several years.

4.4     Initially, there was a significant delay in accommodating Dr. Kumar's disability. Despite repeated requests for a dictation system or its equivalent to lessen the typing burden on Dr. Kumar resulting from having to input voluminous information into the patients' medical records, and despite repeated work restriction notifications from Dr. Kumar's treating physician that he could no longer type medical records, plaintiff was still not provided with any reasonable accommodation for more than a year. The stress and repetition of the typing required to input the patients' medical records had worsened Dr. Kumar's injury to the point where he required surgery in December, 2007. There is no reasonable excuse for the delay of more than a year in accommodating Dr. Kumar's disability. The only viable explanation is that Dr. Kumar was not accommodated in the hopes that he would "give up" and seek employment elsewhere, thus fulfilling his supervisor's original desire to terminate his employment once his disability had been revealed to her.

4.5     Prior to finally obtaining a dictation device, Dr. Kumar was required to type several hours a day every day, resulting in severe pain and swelling of his right arm. He would wrap his wrist with ice every night after work. The weakness in his right hand continued to increase the more he was forced to type. He would drop things, was unable to use his right hand / arm to lift things or do small tasks at home or in the yard. He worried daily about losing his job and was frustrated, stressed, angry and depressed by the apparent apathy expressed by his employer regarding his injury.

4.6     Dr. Kumar believes that he was further subjected to a hostile work environment through certain counselings that he received, as well as efforts to impugn his professional reputation and the quality of his work. He believes these efforts to be directly related to his disclosure of his disability - the injury to his right arm, wrist and hand. Specifically, Dr. Kumar received a written counseling on or about June 3, 2008 from one of his supervisors, Chief Medical Officer Dr. Teresa Boyd. According to the counseling, the issue which served as the basis for the counseling was

initiated by Dr. Hannigan. Dr. Boyd issued a second written counseling on or about August 15, 2008. Dr. Kumar believes that there was no basis for either of these counselings and that the counselings were given to him merely to target him for eventual termination. Dr. Kumar had never received any such counselings or other form of discipline prior to these two counselings issued by Dr. Boyd in 2008. Moreover, Dr. Kumar's prior supervisor in San Antonio, Dr. John Garcia, informed Dr. Kumar that Dr. Boyd, upon becoming the Chief Medical Officer, requested the "dirt" on Dr. Kumar. Dr. Kumar was also made aware by Dr. Garcia that Dr. Hannigan, in or around December, 2007, had requested that Dr. Garcia rate Dr. Kumar as "less than satisfactory" despite Dr. Garcia's decision to rate Dr. Kumar as "satisfactory."

4.7     At all times material, Dr. Kumar was fully qualified to perform the functions and positions of both Primary Care physician as well as C&P physician. At all times material, Dr. Kumar has had a medical condition - a right carpal tunnel / ulnar nerve injury to his right arm, wrist and hand - that substantially limits a major life activity. Dr. Kumar's disability is not temporary, but has been an ongoing, existing medical condition requiring reasonable accommodation for several years.

4.8     This series of events over the years since Dr. Kumar first revealed his disability to his supervisors constitutes continued harassment and a hostile work environment, for which Dr. Kumar seeks compensation and other relief as detailed herein.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE REHABILITATION ACT OF 1973 (AS AMENDED) - DISCRIMINATION DUE TO DISABILITY / HOSTILE WORK ENVIRONMENT (29 U.S.C. § 793)

5.1     Paragraphs 1.1 - 4.8 are incorporated herein by reference for all purposes.

5.2     Plaintiff is a person with a disability as defined by Section 501 of the Rehabilitation Act, 29 U.S.C. § 793 and the regulations drafted thereunder.

5.3     The defendant's actions as described herein discriminated against plaintiff because he was a qualified individual with a disability in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 793 and the regulations drafted thereunder.

5.4     As a result of the defendant's unlawful conduct, plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of employment, has incurred medical expenses, suffered emotional distress, anxiety, embarrassment, mental anguish, loss of enjoyment of life and has incurred attorney's fees and costs in bringing this action.

### SECOND CLAIM FOR RELIEF

### VIOLATION OF THE REHABILITATION ACT OF 1973 (AS AMENDED) - FAILURE TO REASONABLY ACCOMMODATE (29 U.S.C. § 793)

6.1     Paragraphs 1.1 - 4.8 are incorporated herein by reference for all purposes.

6.2     Plaintiff is a person with a disability as defined by Section 501 of the Rehabilitation Act, 29 U.S.C. § 793 and the regulations drafted thereunder.

6.3     Plaintiff requested reasonable accommodation for his disability, initially by requesting a transfer back to C&P and subsequently through his request for a dictation device.

6.4     The defendant's actions and/or omissions as described herein failed to reasonably accommodate plaintiff.

6.5     Plaintiff was discriminated against on the basis of his disability in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 793 and the regulations drafted thereunder.

6.6     As a result of the defendant's unlawful conduct, plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of employment, has incurred

medical expenses, suffered emotional distress, anxiety, embarrassment, mental anguish, loss of enjoyment of life and has incurred attorney's fees and costs in bringing this action.

### THIRD CLAIM FOR RELIEF

#### VIOLATION OF THE REHABILITATION ACT OF 1973 (AS AMENDED) - UNLAWFUL INTERFERENCE (29 U.S.C. §§ 793, 794)

7.1   Paragraphs 1.1 - 4.8 are incorporated herein by reference for all purposes.

7.2   Plaintiff is a person with a disability as defined by Section 501 of the Rehabilitation Act, 29 U.S.C. § 793 and the regulations drafted thereunder.

7.3   Plaintiff participated in the exercise of his rights, as set forth by Section 501 of the Rehabilitation Act, 29 U.S.C. §§ 793, 794 and the regulations drafted thereunder, to accommodate for his disability, including but not limited to requesting a transfer back to C&P and subsequently through his request for a dictation device.

7.4   The defendant's actions and/or omissions as described herein interfered with plaintiff's exercise of those rights, in violation of Section 501 of the Rehabilitation Act, 29 U.S.C. § 794 and the regulations drafted thereunder.

7.5   As a result of the defendant's unlawful conduct, plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of employment, has incurred medical expenses, suffered emotional distress, anxiety, embarrassment, mental anguish, loss of enjoyment of life and has incurred attorney's fees and costs in bringing this action.

### FOURTH CLAIM FOR RELIEF

#### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (AS AMENDED) - DISABILITY-BASED HARASSMENT / HOSTILE WORK ENVIRONMENT (42 U.S.C. §§ 12101, 12112, 12117, ET SEQ.)

8.1   Paragraphs 1.1 - 4.8 are incorporated herein by reference for all purposes.

8.2     Plaintiff is a person with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102 and the regulations drafted thereunder.

8.3     The defendant's actions as described herein discriminated against plaintiff because he was a qualified individual with a disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12112, 12117, et seq. and the regulations drafted thereunder.

8.4     As a result of the defendant's unlawful conduct, plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of employment, has incurred medical expenses, suffered emotional distress, anxiety, embarrassment, mental anguish, loss of enjoyment of life and has incurred attorney's fees and costs in bringing this action.

### FIFTH CLAIM FOR RELIEF

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (AS AMENDED) - FAILURE TO REASONABLY ACCOMMODATE (42 U.S.C. §§ 12101, 12112, 12117, ET SEQ.)**

9.1     Paragraphs 1.1 - 4.8 are incorporated herein by reference for all purposes.

9.2     Plaintiff is a person with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102 and the regulations drafted thereunder.

9.3     Plaintiff requested reasonable accommodation for his disability, initially by requesting a transfer back to C&P and subsequently through his request for a dictation device.

9.4     The defendant's actions and/or omissions as described herein failed to reasonably accommodate plaintiff.

9.5     The defendant's actions as described herein discriminated against plaintiff because he was a qualified individual with a disability in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12112, 12117, et seq. and the regulations drafted thereunder.

9.6     As a result of the defendant's unlawful conduct, plaintiff has suffered damages in the form of lost wages, benefits and other attendant rights and privileges of employment, has incurred medical expenses, suffered emotional distress, anxiety, embarrassment, mental anguish, loss of enjoyment of life and has incurred attorney's fees and costs in bringing this action.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff Arvind Kumar, M.D. respectfully requests that the Court:

A.   render judgment against defendant Eric K. Shinseki, in his official capacity as Secretary of Veterans Affairs;

B.   award compensatory damages to Arvind Kumar, M.D. resulting from his lost wages, lost employment benefits, medical expenses, and emotional injuries in an amount not to exceed $350,000.00;

C.   award pre-judgement and post-judgment interest as allowed by law;

D.   award reasonable and necessary attorney's fees as allowed by law;

E.   award punitive damages against defendant to punish defendant for the actions of plaintiff's supervisors whose acts and/or omissions were committed with malice or reckless indifference to the protected rights of plaintiff in an amount not to exceed $1,000,000.00;

F.   award costs of court and

G.   such other and further relief at law or in equity to which plaintiff may show itself to be justly entitled.

Dated: SEPTEMBER 3, 2010    Respectfully submitted,

LAW OFFICES OF RICKY J. POOLE
THE FORUM BUILDING
8000 IH-10 West, Suite 600
San Antonio, Texas 78230
(210) 525-7988 [TELEPHONE]
(210) 525-7987 [TELECOPIER]
rpoole@alamocityattorney.com

By: _____
RICKY J. POOLE
State Bar No. 16124680

**ATTORNEYS FOR PLAINTIFF
ARVIND KUMAR, M.D.**

### DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: SEPTEMBER 3, 2010    Respectfully submitted,

LAW OFFICES OF RICKY J. POOLE
THE FORUM BUILDING
8000 IH-10 West, Suite 600
San Antonio, Texas 78230
(210) 525-7988 [TELEPHONE]
(210) 525-7987 [TELECOPIER]
rpoole@alamocityattorney.com

By: _____
RICKY J. POOLE
State Bar No. 16124680

**ATTORNEYS FOR PLAINTIFF
ARVIND KUMAR, M.D.**